UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA LIMA,

    Plaintiff,

v.                    Case No. 8:21-cv-1722-VMC-TGW

KARL LITFIN, and
HENSEL PHELPS CONSTRUCTION
COMPANY,

    Defendants.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons set forth below, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Melissa Lima initiated this personal injury action in state court on June 22, 2021. (Doc. # 1-1). On July

1

15, 2021, Defendants Karl Litfin and Hensel Phelps Construction Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1 at 2).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not state a specified damages claim. (Doc. # 1-1 at ¶ 1 ("This is an action for damages that exceeds the sum of [thirty thousand dollars] ($30,000.00), exclusive of costs, interest and attorneys' fees[.]")). Instead, in their notice of removal, Defendants relied upon Lima's pre-suit demand letter for $5 million to establish the amount in controversy. (Doc. # 1 at 6). The

demand letter included past medical expenses of $51,800.49, and allegedly "medically certain" future medical treatment "estimated at $333,732.00." (Id. at 7; Doc. # 1-4 at 3). The pre-suit demand letter calculates past pain and suffering in the amount of $56,320.00 and future pain and suffering damages in the amount of $2,686,400.00. (Doc. # 1-4 at 4).

Upon review of Defendants' notice of removal, the Court was "unable to determine whether the amount in controversy has been met by Lima's damages claim without engaging in heavy speculation." (Doc. # 3). Specifically, the Court concluded that Lima's pre-suit demand letter only provided sufficient factual support for the $51,800.49 in past medical expenses, falling below the jurisdictional threshold. (Id.). The Court then gave Defendants an opportunity to provide additional information to establish the amount in controversy. (Id.).

Defendants have now responded to the Court's order in an attempt to establish this Court's diversity jurisdiction. (Doc. ## 6; 7). But Defendants still fail to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In their response, Defendants reiterate their opinion that the pre-suit demand letter, combined with Lima's past and future medical expenses and past and future pain and suffering, establishes that the amount in

3

controversy exceeds $75,000. (Doc. # 6 at 1-2). Additionally, Plaintiffs submitted a heavily redacted "Life Care Plan" in which Lima's physician estimates future medical expenses in the amount of $333,732.00. (Doc. ## 7; 7-1).

Still, demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (explaining that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-SDM-EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (same).

And, although Defendants attempt to use Lima's medical provider's estimate of $337,732.00 in future medical expenses, the mere possibility of future treatment remains too speculative to support medical expenses in this amount. See Favors v. Dolgencorp, LLC, No. 14-cv-60267-KMM, 2014 WL 11775522, at *2 (S.D. Fla. Nov. 3, 2014) ("While Defendant contends that Plaintiff alleges future medical expenses ranging from $114,000 to $154,000, the Court finds these estimates to be too speculative to establish the amount in controversy by a preponderance of the evidence."); Pennington v. Covidien LP, No. 8:19-cv-273-VMC-AAS, 2019 WL 479473, at

4

*1-2 (M.D. Fla. Feb. 7, 2019) (finding the cost of a $110,000 surgery too speculative as it had not yet been scheduled). Additionally, "the Court will not engage in speculation regarding the value of [Lima's] pain and suffering damages." Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-SCB-JSS, 2015 WL 12259228, at *3-4 (M.D. Fla. Aug. 31, 2015)

Thus, these categories of damages remain too speculative to include in the amount in controversy calculation and do not support the contention that the pre-suit demand letter was more than a mere negotiation tactic. See Rodriguez v. Family Dollar # 6732, No. 8:17-cv-1340-VMC-JSS, 2017 U.S. Dist. LEXIS 88594, at *1 (M.D. Fla. June 9, 2017) (remanding case to state court where the amount in controversy was based on hypothetical future medical damages and reasoning that the pre-suit settlement offers were mere negotiation tactics).

In short, Defendants have failed to persuade the Court that the amount in controversy exceeds $75,000. The only concrete damages in this case fall below $52,000 and insufficient information has been provided about other categories of damages. Thus, Defendants have not carried their burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of July, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE